09-2229-ag
Samake v. Holder

BIA
Abrams, IJ
A 099 930 960

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand ten.

PRESENT:

> ROBERT A. KATZMANN,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

ISSOUFOU SAMAKE, a.k.a. ISSA DIARRA,
        *Petitioner,*

        v.                                     09-2229-ag
                                               NAC
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Ronald S. Salomon, New York, N.Y.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, Washington DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Issoufou Samake, allegedly a native and citizen of Cote D'Ivoire, seeks review of the April 27, 2009 order of the BIA affirming the November 1, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Issoufou Samake*, No. A 099 930 960 (B.I.A. April 27, 2009), *aff'g* No. A 099 930 960 (Immig. Ct. N.Y. City Nov. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Samake argues that "there is no reason apparent in the record, and no reason given by either the IJ or the BIA, to doubt [Samake]'s clear testimony as to his own identity, and

therefore the IJ's decision to base his adverse credibility determination as to [Samake]'s identity on one inauthentic document was improper." However, in its decision, the BIA specifically declined to reach the IJ's adverse credibility determination, finding instead that the passport and identification document Samake submitted "failed to satisfy his burden of proof in these proceedings." Therefore, the BIA's decision rested on the sufficiency of the evidence Samake presented, not his credibility. We have held that an applicant's failure to establish his identity is alone sufficient to deny relief. *See Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 158 (2d Cir. 2006). Here, as the BIA noted, Samake was not living in Cote D'Ivoire when the documents were issued, and he admitted during his testimony that the fingerprint on his identification card did not belong to him. Therefore, the BIA did not err in denying Samake's application for asylum, and denying withholding of removal and CAT relief, both of which require even higher standards of proof.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3